JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| FRANCIS OHU, | Case No. SA CV 25-00388-DFM |
| Plaintiff, | Order Dismissing Case for Failure to Prosecute and Comply with Court Order |
| v. | |
| EXPERIAN INFORMATION SOLUTIONS, INC., | |
| Defendant. | |

On February 28, 2025, Plaintiff Francis Ohu ("Plaintiff"), who is represented by counsel, filed a Complaint against Defendant Experian Information Solutions, Inc. ("Defendant"). See Dkt. 1. On March 11, 2025, Plaintiff filed a Proof of Service, indicating that Defendant was personally served on March 7, 2025. See Dkt. 7. Defendant's Answer was thus due by March 28, 2025. See Fed. R. Civ. P. 12(a)(1)(A)(i).

When by April 29, 2025, Defendant had not filed an Answer or otherwise responded to the Complaint, the Court ordered Plaintiff to show cause why this action should not be dismissed for failure to prosecute. See Dkt. 9 ("OSC"). The Court instructed Plaintiff to do one of the following to discharge the OSC: (1) seek entry of default; (2) file a notice of voluntary dismissal under Fed. R. Civ. P. 41; or (3) cause by some means an Answer or

other filing to be made by Defendant. See id. Plaintiff did not seek default or take any other action in this case, and the time to respond has expired. See id. (requiring response within twenty-one (21) days). As of the date of this Order, Defendant has not responded to the Complaint.

## I.    DISCUSSION

District courts "have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion." Oliva v. Sullivan, 958 F.2d 272, 273 (9th Cir. 1992). When determining "whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

Having considered the Pagtalunan factors, the Court is persuaded that this action should be dismissed for failure to comply with a court order and failure to prosecute. Plaintiff's failure to seek default or take other action after Defendant failed to file a timely response to the Complaint hinders the Court's ability to move this case toward disposition and indicates that Plaintiff does not intend to litigate this action. With regard to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). The second factor also favors dismissal because "it is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." Pagtalunan, 291 F.3d at 642. In other words, Plaintiff's "noncompliance has caused [this] action to come to a complete halt, thereby allowing [him] to control the pace of the docket rather than the Court." Yourish, 191 F.3d at 990 (internal quotation marks omitted).

As to the third factor, an unreasonable delay creates a presumption of prejudice. See In re Eisen, 31 F.3d 1447, 1452 (9th Cir. 1994). With regard to the fourth factor, the Court notes it has attempted less drastic alternatives to no avail. The Court issued an OSC why this case should not be dismissed for failure to prosecute. See Dkt. 9. Plaintiff did not respond to the OSC. Thus, it does not appear to the Court that less drastic sanctions are available.

Finally, as to the fifth factor, public policy favoring disposition on the merits generally weighs against dismissal, but "it logically rests upon an inherent presumption a litigant . . . has manifested a diligent desire to prosecute his or her claims." Ewing v. Ruano, No. 09-8471, 2012 WL 2138159, at *2 (C.D. Cal. June 12, 2012). Indeed, it is a plaintiff's responsibility to move a case toward a merits disposition. See Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff's failure to timely prosecute this case, including his failure to seek default or take other action after Defendant failed to file a timely response to the Complaint, decreases the weight of the public policy favoring disposition on the merits. See Ewing, 2012 WL 2138159, at *2. The Court finds, therefore, that this factor is neutral and does not preclude dismissal.

## II. CONCLUSION

On balance, the Court finds the relevant factors weigh in favor of dismissal. This case is therefore DISMISSED WITHOUT PREJUDICE for failure to prosecute and comply with a Court order.

Date: May 30, 2025

DOUGLAS F. McCORMICK
United States Magistrate Judge